UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KING BOY BABY PRODUCTS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-01239-MTS |
| ) | |
| COTTON BABIES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the Complaint. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). The Court concludes that Plaintiff has yet to establish this Court's subject matter jurisdiction. Providing no subsection, Plaintiff asserts there is diversity jurisdiction under 28 U.S.C. § 1332. Doc. [1] ¶ 3. Plaintiff King Boy Baby Products, Ltd. identifies itself as a "corporation" based in China that has been "duly organized" under the laws of China. *Id.* ¶ 1. But Plaintiff provides no analysis or factual support to complete the "difficult task" of determining whether it, as "a foreign company," should "be treated as a corporation under § 1332." *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019); *accord Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co. Ltd.*, 759 F.3d 787, 788 (7th Cir. 2014); *see also, e.g.*, *Beijing Auto. Indus. Imp. & Exp. Corp. v. Indian Indus., Inc.*, 1:13-cv-01850-JMS, 2013 WL 12193672, at *1 (S.D. Ind. Dec. 10, 2013) ("[The plaintiff's] allegation that it is 'a Chinese corporation with its principal place of business in Beijing, China' does not inform the Court which American business form [the

plaintiff] most closely resembles.").[*] The Court, therefore, will require Plaintiff to file a First Amended Complaint that establishes this Court's subject matter jurisdiction. Given the forthcoming First Amended Complaint, the Court will deny without prejudice as moot Defendant's motions regarding the original complaint.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Monday, November 27, 2023**, Plaintiff shall file a First Amended Complaint, consistent with this Memorandum and Order, that establishes this Court's subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, Doc. [10], is **DENIED** without prejudice as moot.

**IT IS FINALLY ORDERED** that Defendant's Motion for Extension of Time, Doc. [12], is **DENIED** without prejudice as moot.

Dated this 15th day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] If, for example, Plaintiff is more akin to a limited liability company, the Court would need factual allegations establishing the citizenship of each of Plaintiff's members. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *see also Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co. Ltd.*, 759 F.3d 787, 788, 790 (7th Cir. 2014) (parties agreeing Chinese company had "'members' (like an LLC or partnership in the United States) rather than 'shareholders'" and was "closer to a limited liability company than to any other business structure in this nation").