# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KING BOY BABY PRODUCTS, LTD., ) <br> ) <br> Plaintiff/Counterclaim Defendant, ) <br> ) <br> vs. ) <br> ) <br> COTTON BABIES, INC., ) <br> ) <br> Defendant/Counterclaim Plaintiff. ) | Case No. 4:23-cv-01239-MTS |

## MEMORANDUM AND ORDER

On the eve of trial, Plaintiff/Counterclaim Defendant King Boy Baby Products, Ltd. ("KBBP") instructed its counsel to withdraw from this matter. Its counsel filed a Motion to Withdraw, Doc. [61], the Court held a hearing on the Motion, Doc. [68], and granted it, Doc. [69]. As discussed at the Motion hearing, KBBP had no other counsel and recognized that the withdrawal on the eve of trial would result in the dismissal of their claims and eventual default on Defendant/Counterclaim Plaintiff Cotton Babies, Inc. ("CB")'s counterclaims. At the hearing, the Court granted CB's oral Motion to Dismiss for Failure to Prosecute and instructed CB to seek KBBP's default on CB's Counterclaims. Doc. [68].

Now before the Court is CB's Motion for Default Judgment. Doc. [72]. In recognition of the judicial preference for adjudication on the merits and the fact that default judgments are infrequent and disfavored judicial acts, *see Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015), the Court chose to delay its ruling on CB's Motion for Default. Nevertheless, even though the Court provided ample time for new

counsel to enter and seek to defend the merits of CB's counterclaims, KBBP has filed nothing.  The Court will wait no more.  *See* Fed. R. Civ. P. 1.  The Court therefore will strike KBBP's Answer to CB's Amended Counterclaim, enter default against KBBP, and enter default judgment in favor of CB on its Amended Counterclaim in the amount of $666,782.36.

Given KBBP's failure to proceed with trial, and its failure since then to defend itself against the Counterclaims in any way whatsoever, the Court will strike its Answer to CB's Amended Counterclaim.  *See Michael's Gourmet Pantry, Inc. v. Back of the House, LLC*, 2:22-cv-01953-ART-BNW, 2024 WL 4892475, at *1 (D. Nev. Nov. 26, 2024) ("An answer may be stricken when a defendant fails to defend itself."); *Eileen Grays, LLC v. Remix Lighting, Inc.*, 1:18-cv-0362-MAD, 2019 WL 4253957, at *2 (N.D.N.Y. Sept. 9, 2019) (same); *see also Liberty Mut. Ins. Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14, 16 (D.D.C. 2003) ("If a corporate defendant does not retain counsel, the court may strike the corporation's answer.").

Without an Answer to CB's Amended Counterclaim, the Court will enter KBBP's default.  *See* Fed. R. Civ. P. 55(a); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (calling it "well-established" that the court, not only the clerk of court, may enter default); *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982) (noting a district judge's "inherent power to enter a default").  And with KBBP officially in default, the Court now must determine whether to enter a default judgment.

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt*, 786 F.3d at 661 (quoting *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam)). After an entry of default, the facts alleged in the plaintiff's complaint, except as to damages, are taken as true and "may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6). A court must then review the complaint and "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall*, 616 F.3d at 852 (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).

Once the court determines the plaintiff stated a legitimate cause of action on a claim for an uncertain amount of damages, Federal Rule of Civil Procedure 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." Fed. R. Civ. P. 55(b)(2). Whether an evidentiary hearing is necessary to determine the amount of plaintiff's damages is a decision committed to the sound discretion of the district court. *See KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021) ("Rule 55(b)(2) entrusts the district court with the discretion to decide if a hearing on the issue of damages is necessary following default judgment."); *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) (explaining the "need for a hearing is within the sound discretion of the district court").

Upon review of the Complaint and Plaintiffs' Motion for Entry of Default Judgment along with its exhibits, the Court concludes that entry of a default judgment is

appropriate on CB's Counterclaim because its facts, taken as true, establish CB's claims. *See Sofka v. Thal*, 662 S.W.2d 502, 506 (Mo. banc 1983) (listing elements of fraud under Missouri law); *Vickers v. Progressive Cas. Ins. Co.*, 979 S.W.2d 200, 204 (Mo. Ct. App. 1998) (listing elements of negligent misrepresentation under Missouri law). In addition, the Court concludes that CB has sufficiently established through evidence its damages in the amount of $666,782.36. *See Missouri ex rel. Bailey v. People's Republic of China*, 769 F. Supp. 3d 877, 896 (E.D. Mo. 2025).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counterclaim Defendant King Boy Baby Products, Ltd.'s Answer to Defendant/Counterclaim Plaintiff Cotton Babies, Inc.'s Amended Counterclaim, Doc. [36], is **STRICKEN**.

**IT IS FURTHER ORDERED** that default is **ENTERED** against Plaintiff/Counterclaim Defendant King Boy Baby Products, Ltd.

**IT IS FINALLY ORDERED** that Defendant/Counterclaim Plaintiff Cotton Babies, Inc.'s unopposed Motion for Default Judgment, Doc. [72], is **GRANTED**. The Court will enter herewith a Judgment awarding Defendant/Counterclaim Plaintiff Cotton Babies, Inc. a total of six hundred sixty-six thousand seven hundred eighty-two dollars and thirty-six cents ($666,782.36) on its Amended Counterclaim.

Dated this 17th day of October 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE